THE BANK OF BISHOP & COMPANY, LIMITED, A CORPORATION, *v.* THE HAWAII SOAP COMPANY, LIMITED, AND K. AKIRA.

No. 1547.

PETITION FOR REHEARING.

FILED FEBRUARY 16, 1925.        DECIDED FEBRUARY 20, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

*Per Curiam.* The plaintiff moves for a rehearing upon the grounds:

1. That in the opinion of October 5, 1923 (27 Haw. 537), it was held that the note upon which this action is predicated was a valid and existing note;

2. That by the same opinion it was held that the defendant Akira was entitled to a new trial for the pur-

pose of showing that he had been released as an indorser upon said valid and existing note;

3. That at the second trial the only evidence given by Akira was evidence that for a consideration the payee of the note, the plaintiff herein, had agreed "to cancel the said note;"

4. That the plaintiff in its brief upon the reserved question contended "that since the existence and validity of the said note had been already determined in this action, to which the said K. Akira was a party, this question (viz., whether there was an agreement to cancel the note) was res adjudicata as to him;"

5. "That in its opinion upon the said reserved question * * * this court held that the defendant K. Akira was entitled to go to the jury upon the question, whether the plaintiff for a consideration had agreed to cancel and deliver up the said note;"

6. "That thus in its said opinion this court entirely ignored the contention of counsel for plaintiff, * * * made no reference thereto, and did not pass thereon;"

7. That the contention as made by plaintiff is in law a material contention.

Upon the first appeal we sustained the verdict in favor of the plaintiff and against the maker of the note and set aside the verdict as against Akira, the indorser, and granted him a new trial for the reason that he "was entitled to an opportunity to prove a release, either express or indirect, of himself as an indorser" and had been erroneously denied that opportunity at the first trial. In other words, while holding, in the first opinion, that the note was a "valid and existing note" as against the maker, we recognized the legal possibility of Akira's having been released as an indorser by the acts of the plaintiff. The case next came to this court upon the reserved question, "Should the request of the plaintiff

in this cause for a directed verdict against the defendant K. Akira be granted?" Remarking that the plaintiff was entitled to a directed verdict "only if there was not evidence sufficient to support a verdict in favor of the defendant," we held that "the case could not properly be withdrawn from the jury when, as here, there was substantial evidence from which they could find the fact of a release of the indorser,"—not, it will be observed, the fact of a cancelation of the note; and we further held that the evidence did not have the effect of contradicting or modifying the written note but simply tended to show "an agreement to release the indorsers upon the subsequent happening of a stated event." It is true that testimony was quoted in the second opinion of statements made by plaintiff's clerk who had charge of the negotiations for a loan that upon the happening of certain events named the note with its indorsements would be "temporary only" and that "the note would be canceled." It must be remembered, however, that the witnesses who gave this testimony were Japanese not well versed in the English language. We regarded these statements as their method of expressing the thought that the indorsers would be released; and there was other testimony, likewise quoted in the second opinion, more directly conveying the same thought, as, for example: "When the mortgage was executed" (meaning the second mortgage) "Akira said to me 'if all the indorsers were to be released' and I told him 'Yes'" (Tr., p. 42; opinion, p. 3).

The contention of the plaintiff referred to in the motion for rehearing was understood and was not ignored. The motion is denied, without argument, under the rule.